IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sephardic Taxi, LLC,                     :
                     Appellant            :
                                          :   No.  2343 C.D. 2015
            v.                            :
                                          :   Submitted:  June 3, 2016
The Philadelphia Parking Authority       :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED:  July 22, 2016


            Sephardic Taxi, LLC (Appellant) appeals from the October 16, 2015, order of the Court of Common Pleas of Philadelphia County (trial court) affirming a Philadelphia Parking Authority (PPA) Hearing Officer's determination, which sustained the issuance of a citation to Appellant for violating section 1011.9 of Title 52 of the Pennsylvania Code (Code).[1]


**Facts and Procedural History**

            On January 9, 2014, PPA's Taxicab and Limousine Division (TLD) issued a citation to Appellant for allegedly using a taxicab driver with a suspended

---

[1] 52 Pa. Code §1011.9 (taxicab service limitations).

driver's license in violation of section 1011.9 of the Code. Appellant appealed the issuance of citation and requested an administrative hearing. On October 23, 2014, a hearing was held before a PPA Hearing Officer.

Steve Owens, a TLD inspector, testified that he received an administrative complaint to investigate the records of a taxicab driver, Solo Salagbi. Owens stated that his investigation revealed that Salagbi's driver's license had been suspended from October 29, 2013, to November 7, 2013; however, notwithstanding his suspended driver's license, Owens noted that Salagbi had provided taxicab service in an Appellant-owned vehicle during the period when his license was suspended. Owens explained that he relied on a driving record generated by the Pennsylvania Department of Transportation, Bureau of Driver Licensing in issuing the citation. (R.R. at 44a- 48a.)

According to Owens, TLD's regulations prohibit a taxicab driver from operating a taxicab without a valid driver's license. He further testified that TLD's regulations require a certificate holder[2] to supervise its drivers to ensure that only authorized drivers provide taxicab service and stated that Salagbi provided at least one-hundred trips during the period his license was suspended. (R.R. at 48a-49a.)

Owens explained that Salagbi attempted to renew his taxicab certificate[3] when it was discovered that his driver's license had been suspended, which was the basis for the administrative complaint. However, he noted that, during the period

---

[2] The Code defines a certificate holder as the person to whom PPA issues a certificate of public convenience. 52 Pa. Code §1001.10(a).

[3] The Code defines a taxicab certificate as "[a] certificate issued by the Authority authorizing the holder to provide taxicab service under the act, this part or an order of the Authority." 52 Pa. Code §1001.10(a).

2

when Salagbi's driver's license was suspended, PPA's system indicated that Salagbi possessed a valid taxicab certificate. (R.R. at 50a-52a.)

By order dated November 6, 2014, the Hearing Officer sustained the issuance of citation to Appellant for using a driver with a suspended or revoked driver's license. Appellant appealed the Hearing Officer's determination to the trial court and, on October 16, 2015, the trial court affirmed the PPA's decision. Appellant then filed a timely appeal to this Court.

On appeal, Appellant reiterates the arguments raised before the trial court. Specifically, Appellant argues that the trial court erred when it determined that certificate holders are responsible for verifying the validity of a taxicab driver's Pennsylvania driver's license. Appellant also argues that PPA's retroactive issuance of the citation violated its due process rights. Finally, Appellant asserts that the trial court erred because there is no record evidence indicating that Appellant failed to verify that Salagbi's driver's license was valid when it leased its vehicles to him.

**Discussion**

Here, the issues raised are identical to those raised and resolved by this Court in *Lindros Taxi v. Philadelphia Parking Authority*, __ A.3d __ (Pa. Cmwlth., No. 1173 C.D. 2015, filed July 1, 2016). In *Lindros Taxi*, we reasoned that the Code does not require a certificate holder to verify that a taxicab driver possesses a valid driver's license and, consequently, a certificate holder's duty to supervise pursuant to section 1011.9(b) of the Code is satisfied if it verifies that an individual possesses a current and validly issued taxicab certificate. We adopt the reasoning set forth in *Lindros Taxi* and likewise reject the arguments raised by PPA in the present matter.

3

## Conclusion

Accordingly, the trial court's order is reversed.


                              _____

                              PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sephardic Taxi, LLC,       :
           Appellant    :
                     :   No. 2343 C.D. 2015
          v.           :
                     :
The Philadelphia Parking Authority   :

## ***ORDER***

AND NOW, this 22nd day of July, 2016, the October 16, 2015, order of the Court of Common Pleas of Philadelphia County is reversed.

_____
PATRICIA A. McCULLOUGH, Judge